## H. BODDY v. BRUMMETT & ELLIS.

### Decided April 11, 1908.

**Broker—Commissions—Contract Construed.**

By the terms of a contract between the owner of land and a firm of land agents it was agreed that the agents should have the exclusive right to sell said land within a certain time; that the agents would make "all reasonable efforts" to effect a sale of the land, and that the owner would cooperate with and assist them in making sales, or furnish some other person to do so; the agents were to receive two-thirds of five percent commission on sales made; a part of the land was sold within the time stipulated, and the agents received two-thirds of five percent on the purchase money; on the ground that the owner had neither assisted nor furnished any one else to assist in making said sales the agents sued the owner for the remaining one-third of five percent on the sales made. Held, the theory of the suit was erroneous. If the owner failed to comply with his contract to assist in making the sales the agents were entitled to damages, but not to the specific one-third of five percent.

Appeal from the County Court of Clay County. Tried below before Hon. S. A. Denny.

*Allen & Wantland* and *A. S. Moss,* for appellant.—The rule in this character of case is that plaintiff may recover such ·damages, including gains prevented as well as losses sustained, as may reasonably be supposed to have been within the contemplation of both parties at the time of making the contract as the proximate and natural result and consequence of a breach by defendant. McLane v. Maurer, 66 S. W., 693; Frazer v. Echo Mining & Smelting Co., 28 S. W., 714; Joske v. Pleasants, 39 S. W., 586; Green v. Cole, 30 S. W., 135; Green v. Cole, 24 S. W., 1058; Moses v. Bierling, 31 N. Y., 462; Durkee v. Gunn, 41 Kan., 496; Stringfellow v. Powers, 23 S. W., 313.

*Allen & Jones* for appellees.—The defendant having agreed to pay a commission of five percent for selling his lands, and having agreed to perform one-third of the work of selling said lands, and having failed to perform his part of the work of selling said lands, was liable to the plaintiffs for the full contract price for selling said lands. 5 Amer. & Eng. Enc. of Law, 35; same 2d ed., vol. 8, 636.

STEPHENS, ASSOCIATE JUSTICE.—November 27, 1905, H. Boddy, who owned about fifteen thousand acres of land in Clay County, Texas, by written contract of that date, constituted J. R. Brummett and George W. Ellis, composing the firm of Brummett & Ellis, his exclusive agents until January 1, 1907, to sell said lands, Brummett & Ellis agreeing "to make all reasonable efforts to find purchasers

for said lands and to sell the same and to exhibit said lands to prospective purchasers during the existence of their agency," and Boddy agreeing "to co-operate with and assist" them "in their efforts to sell said land, or to furnish some other person to assist" them "in said efforts to sell said land." It was stipulated in this contract that Brummett & Ellis should "pay two-thirds of all expenses of advertising said lands and two-thirds of all livery expenses in exhibiting said lands to prospective purchasers," and that the owner would pay one-third. After stipulating how the land was to be sold, giving the price and terms of sale, the contract contained the following: "It is agreed that the party of the first part (Boddy) shall pay a commission of five percent for selling said lands, two-thirds of said commission to go to the parties of the second part (Brummett & Ellis) and one-third of same to be retained by the party of the first part, and the commission shall be so divided upon all tracts of land sold, regardless of which party may have effected the sale." Under this contract Brummett & Ellis sold various tracts, but not all of the lands covered by their agency, and received two-thirds of five percent of the contract price of the lands so sold, which five percent amounted in the aggregate to $2,444.37.

This suit was brought by Brummett & Ellis against Boddy to recover one-third of five percent of the purchase price of the lands sold, on the ground that he had failed and refused to co-operate with or assist them in their efforts to sell said land or to furnish any other person to assist them therein, alleging that the reasonable value of the services which Boddy had bound himself to perform in said contract and which they had thus been compelled to perform, was one-third of said commission of five percent, to wit, the sum of $814.79.

The theory of recovery thus presented by the appellees and adopted by the court, over the objection of appellant in various forms urged, resulted in a verdict and judgment in their favor for five hundred dollars, the appellant, who was shown to have assisted and co-operated to some extent, at least, in the sale of said lands, being allowed a credit for the value of the service so rendered by him, which reduced the recovery to that extent from the amount claimed.

This, we think, was an erroneous theory. For a commission of two-thirds of five percent the appellees, as the exclusive agents of appellant, had bound themselves "to make all reasonable efforts to find purchasers for said lands and to sell the same and to exhibit said lands to prospective purchasers during the existence of their agency." More service than this they did not and could not reasonably have rendered, since they were required to make "all reasonable efforts," and it is not pretended that they received less compensation for the service actually rendered than that specified in their contract. If the owner of the land, after paying them all he had agreed to pay them as commissions for the sale of his lands, failed to render the full measure of assistance which he had obligated himself to render, he would be liable to them for any damage resulting from the breach of contract on his part, but we fail to see on what principle they would be entitled to increase their

commissions to five percent when the contract only gave them two-thirds of that amount.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*